# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

JARVIS A. STEVENS,         )
                                 )
      Petitioner,        )
                                 )     Case No. 15-0225-CV-W-HFS-P
      vs.                 )
                                 )
HEATH SPACKLER,        )
                                 )
      Respondent.      )

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2007 convictions and 2010 sentences for second-degree murder, second-degree trafficking, and armed criminal action, which were entered pursuant to a guilty plea in the Circuit Court of Jackson County, Missouri. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 24.035 was denied following an evidentiary hearing (Doc. No. 7-4, pp. 33-47), and that denial was affirmed on appeal therefrom (Doc. No. 7-9).

Petitioner raises four grounds for relief: (1) plea counsel was ineffective for misadvising petitioner that he would receive a sentence of less than twenty years if he agreed to enter an open guilty plea to second-degree murder with a lid of twenty years; (2) the plea court erred by failing to advise petitioner concerning the range of punishment and failing to ensure that petitioner understood the plea offer; (3) sentencing counsel was ineffective for misadvising petitioner that he would be required to serve less than 70% of his sentence when, in fact, petitioner is required to

1

serve 85%;[1] and (4) the plea court erred in accepting petitioner's guilty plea to armed criminal action because there was an insufficient factual basis to support the conviction.   Doc. No. 1, pp. 5, 7-8, 10; Doc. No. 9.   Respondent contends that Grounds 1-3 are without merit and that Ground 4 is not cognizable and, alternatively, is without merit.   Doc. No. 7, pp. 3-4.

## FACTUAL BACKGROUND

In affirming the state circuit court's denial of petitioner's Rule 24.035 motion, the Missouri Court of Appeals, Western District, set forth the following facts:

> In 2007 Jarvis Stevens entered a guilty plea on charges of second degree murder, armed criminal action, and second degree trafficking.   He was later sentenced to twenty years imprisonment for the murder count, three years for armed criminal action, and five years for trafficking, all sentences to run concurrently.

> A guilty plea hearing was held, during which the prosecutor announced the plea agreement and the court confirmed Stevens's understanding of it:

> The Court:     Now, let me make sure I can recite this properly, and Mr. Stevens, I ask that you listen closely to see if this is your understanding also of the plea agreement.   That you are going to plead to – in the alternative felony murder you are going to plea up to the Court with a lid of 20 years.   In Count II of that case there will be [a] three-year sentence to run concurrent with Count I, correct?

> Prosecutor:     Yes

> The Court:     In … the trafficking case, you will be sentenced to five years and that time will run concurrent to the first case, the 20-year lid, whatever sentence that is, and also Count II of three years.   Do you understand?

> The Defendant:          Yes, sir.

> The Court:     And further as part of this plea agreement, you agree to cooperate and testify against [the other alleged participants in the shooting death of Dominique Henderson] . . . ?

---

[1] Although petitioner originally asserted Ground 3 as a claim of ineffective assistance of plea counsel, on June 12, 2015, petitioner filed a motion to amend in which he clarified that he intended Ground 3 as a claim of ineffective assistance of sentencing counsel.   Doc. No. 9.   This Court granted petitioner's motion to amend.   Doc. No. 11.

2

. . .

Mr. Stevens, that is your understanding of the agreement, sir?

The Defendant:         Yes, sir.

The court further confirmed that Stevens understood what was going on, that he indeed wished to withdraw his plea of not guilty and enter a plea of guilty. The court continued:

The Court:     Okay. In your own words tell me what is going on here today, Mr. Stevens.

The Defendant:         I'm taking a lid of 20 years for murder that happened on June 15th, . . . 2005, and I'm taking a plea. I'm supposed to cooperate and help cooperate and testify on the other guys.

The court held a colloquy regarding the factual basis for Steven's guilty pleas, during which Stevens admitted that on June 15, 2005, he and his associates were going to have a shoot-out with some men, that he and all of his friends were armed, that he supplied some of the guns that day, and that he and the other men were on their way to shoot into a dwelling when they noticed Dominique Henderson, the victim of the fatal shooting, in the yard of another dwelling. He went on to admit that after Mr. Henderson was shot and killed, he and the other men got in the car again and fired at the house they originally intended to shoot at as they were driving away. Stevens admitted that three people shot their weapons, he was there, he also carried a weapon, and when they went to the house, it was with the intention of shooting at the front of the house where he knew there were people. Plea counsel specifically asked Stevens, "you knowingly committed this felony by the use of and assistance and aid of a deadly weapon; is that correct?" Stevens nodded his head in response, and admitted that it was with handguns and a shotgun. Stevens also admitted to, on another date, possessing more than two grams of a substance containing cocaine base, a controlled substance, knowing of its presence and nature.

In reference to sentencing, the court again emphasized that "the time in terms of sentencing, the amount of time I could give you is open. Do you understand that?" To which Stevens replied, "Yes, sir." The court reminded Stevens, "[t]hat again depends upon your cooperation in testifying against those other individuals who have charges pending or who may have charges pending[.]" Stevens again replied, "Yes, sir."

The court asked Stevens, "are you pleading guilty because you are guilty of these crimes; is that correct?" Stevens replied, "I'm pleading guilty because I was there at the scene." The court followed up asking, "And you were guilty of the

3

crimes to which you just gave a factual basis . . .; isn't that true?" to which Stevens responded, "Yes, sir."

Regarding his interaction and satisfaction with his attorney, and his understanding of the plea, the court asked Stevens, "Now is the plea a result of a conference between the prosecutor and your attorney? . . . . Have you discussed with your attorney your case and do you need any more time to discuss it, sir? . . . . Any complaints about your attorney? . . . . Are you satisfied with the services?" to which Stevens replied expressing his understanding and satisfaction with the service of plea counsel.

The court then found that Stevens's plea of guilty was freely and voluntarily made with a full understanding of the nature of the charges and the consequences of the plea. The court also found that a factual basis for the pleas had been made and that Stevens had been represented by competent counsel. The court therefore accepted Stevens's guilty pleas and deferred sentencing until Stevens testified in the trials of each of the other alleged participants in the shooting death of Dominique Henderson.

In April of 2010, the sentencing hearing was held, and the court announced that, according to the plea agreement, there was a lid of twenty years on the murder count, a sentence of three years on the armed criminal action count, and a sentence of five years on the trafficking count. The sentences were to run concurrently. The State argued that Stevens had not cooperated in the prosecution of his codefendants and asked for the twenty year sentence that was the maximum under the plea agreement. The court sentenced Stevens to five years on the trafficking count, twenty years on the murder count, and three years on the armed criminal action count, and ran all of the sentences concurrently.

Doc. No. 7-9, pp. 4-7 (alterations in original).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[2] Because the state court's findings of fact have fair

---

[2]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment

support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUNDS 1 AND 3

In Ground 1, petitioner claims that plea counsel was ineffective for misadvising petitioner that he would receive a sentence of less than twenty years if he agreed to enter an open guilty plea to second-degree murder with a lid of twenty years. Doc. No. 1, p. 5. In Ground 3, petitioner claims that sentencing counsel was ineffective for misadvising petitioner that he would be required to serve less than 70% of his sentence when, in fact, petitioner is required to serve 85%. Doc. No. 1, p. 8; Doc. No. 9.

In order for petitioner to successfully assert a claim for ineffective assistance of counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable

---

of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

5

application of, the standard articulated by the [United States] Supreme Court in *Strickland*."

*Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

The Missouri Court of Appeals, Western District, set forth the *Strickland* standard and

denied Grounds 1 and 3 as follows:

> . . . the motion court noted that plea counsel testified that he discussed the range of punishment with Stevens on multiple occasions before the plea hearing was scheduled and that Stevens was fully informed of the range of punishment that could be imposed. The court further noted Stevens's continued cooperation and exhibited intention of pleading guilty and cooperating with the State as indicative of his understanding that the 20 year lid he was agreeing to was better for him than risking the life sentence he could face for first-degree murder as outlined in the State's original charges. The motion court therefore denied Stevens's claim that plea counsel was ineffective for not advising him about the ranges of punishment for the crimes to which he was pleading guilty. The motion court's finding that plea counsel discussed the range of punishment with Stevens and that Stevens was fully informed thereof is a credibility determination to which this court defers . . . .

> [Additionally], the motion court found that "[w]hile [Stevens] was perhaps unfamiliar with the legal jargon 'pleading up' or 'pleading open,' it is very clear from the record that [Stevens] understood he would receive up to 20 years imprisonment. He even explained this to the Court himself[.]" The motion court also noted that plea counsel testified that Stevens wanted to plead guilty from the outside of his representation and that plea counsel had discussed the plea agreement with him on multiple occasions, as well as testifying that Stevens had the opportunity to discuss the plea agreement at the prosecutor's office with both his attorney and the prosecutor. The motion court's finding that Stevens's assertion that he did not understand what it meant to plead up to the court was not credible and the resultant denial of Stevens's claim in that regard were not clearly erroneous.

> . . . .

> . . . . At the evidentiary hearing on Stevens's Rule 24.035 motion, sentencing counsel testified that murder is a dangerous felony for which eighty-five percent of any sentence must be served prior to parole eligibility. He further testified that he shared such information with Stevens prior to sentencing, and that he did not ever tell Stevens that he would only have to serve sixty-six percent of any sentence he was given. Sentencing counsel testified that he did discuss with Stevens how much time he would end up having to serve on his case, based on the eighty-five percent before parole eligibility guidelines for dangerous

6

felonies.

The motion court found sentencing counsel's testimony to be "very credible," and concluded that counsel was not ineffective, denying Stevens's claim that he was denied effective assistance of counsel when sentencing counsel misadvised him about the amount of his sentence he would be required to serve before becoming eligible for parole. The motion court's conclusion in this regard is supported by the record and is not clearly erroneous . . . .

Doc. No. 7-9, pp. 7-8, 11-12 (alterations added).

The decision of the Missouri Court of Appeals is reasonable, supported by the record, and entitled to deference under § 2254(d). As the state appellate court explained, the motion court found that plea and sentencing counsel offered credible testimony at petitioner's evidentiary hearing that they properly advised petitioner of the consequences of his plea and sentence. Doc. No. 7-9, pp. 7-8, 11-12. Credibility determinations are left for the state court to decide. *Graham*, 728 F.2d at 1540. Moreover, the record reflects that petitioner understood that he could receive up to twenty years' imprisonment, in that he explained to the plea court that he was "taking a lid of 20 years for murder . . . ." Doc. No. 7-2, p. 22. In fact, petitioner admits in his petition that he "vaguely understood that he could receive a sentence of 20 years for the murder charge." Doc. No. 1, p. 5.

Because the state courts' determinations did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2), Grounds 1 and 3 will be denied.

## GROUND 2

In Ground 2, petitioner claims that the plea court erred by failing to advise petitioner

7

concerning the range of punishment and failing to ensure that petitioner understood the plea offer.

Doc. No. 1, p. 7. Petitioner argues that the plea court failed to perform the plea colloquy set

forth in Mo. Sup. Ct. R. 24.02(b). *Id.* The Missouri Court of Appeals, Western District,

denied Ground 2 as follows:

> Stevens reframes his arguments that plea counsel was ineffective in two points claiming his guilty plea was unknowing, involuntary, and intelligent because the plea court failed to advise him about the ranges of punishment and about "pleading 'open'/'up'/'with a lid'."
>
> > Rule 24.02(b) requires that, before accepting a plea of guilty, the trial court must personally inform a defendant of the 'nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.' This rule places a burden on the trial court to determine that a defendant understands the range of punishment for the offenses charged. *Wiles v. State*, 812 S.W.2d 549, 551 (Mo. App. S.D. 1991).
>
> *Bell v. State*, 967 S.W.2d 304, 305 (Mo. App. E.D. 1998). However, failure to comply with the formal requirements of Rule 24.02(b) does not necessarily require a guilty plea to be set aside. *Murta v. State*, 257 S.W.3d 671, 675 (Mo. App. S.D. 2008). To be entitled to relief, a movant must prove he did not understand the applicable range of punishment and that, if properly advised, he would have proceeded to trial. *Id.*
>
> . . . .
>
> . . . Stevens's assertion that he did not understand the range of punishment is not supported by the record, and his assertion that he would not have proceeded to trial is belied by his actions and agreement to cooperate with the State. Stevens's claim that his guilty plea was unknowing, involuntary, and unintelligent because the plea court failed to advise him about the ranges of punishment is denied.
>
> Stevens also fails to show that his guilty plea was unknowing, involuntary, and unintelligent because the plea court failed to advise him about "pleading 'open'/'up'/'with a lid'." . . . . The motion court's finding that Stevens's assertion that he did not understand what it meant to plead up to the court was not credible and the resultant denial of Stevens's claim that his plea was unknowing, involuntary, and unintelligent because the plea court failed to advise him about such jargon were not clearly erroneous.

8

Doc. No. 7-9, pp. 10-12

Initially, petitioner's claim that the plea court did not comply with Mo. Sup. Ct. R. 24.02(b) is not cognizable in federal habeas, because a finding that there was an error of state law does not authorize a federal court to grant a writ of habeas corpus. 28 U.S.C. § 2254; *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010); *see also Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir. 1994) (claim that, under state law, trial court lacked jurisdiction, is not a basis for habeas relief). Moreover, petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73 (1977). "[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" *Weeks v. Bowersox*, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting *Blackledge*, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. *See Hunter v. Bowersox*, 172 F.3d 1016, 1022 (8th Cir. 1999), *cert. denied*, 528 U.S. 1140 (2000). As the state appellate court found, and as set forth above, the record reflects that petitioner understood the terms of the plea and that he could receive up to twenty years' imprisonment. Doc. No. 7-2, p. 22; Doc. No. 1, p. 5. Petitioner's statements to the contrary were found by the state courts to lack credibility, and this Court must

9

defer to those determinations. Because the state courts' determinations did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. § 2254(d)(1) and (2), Ground 2 will be denied.

## GROUND 4

In Ground 4, petitioner claims that the plea court erred in accepting his guilty plea to armed criminal action because there was an insufficient factual basis to support the conviction. Doc. No. 1, p. 10. In response, respondent argues that Ground 4 is not cognizable because petitioner alleges only an error of state law and is no longer in custody on the armed criminal action conviction for purposes of 28 U.S.C. § 2254(a). Doc. No. 7, pp. 28-29. In reply, petitioner "concedes that he is no longer in custody for this conviction." Doc. No. 10, pp. 8-9.

"[O]nce the sentence imposed for a conviction has completely expired, an individual is not 'in custody' under that conviction for purposes of habeas corpus attack (and therefore a federal court lacks jurisdiction), even though the conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." *Taylor v. Armontrout,* 877 F.2d 726, 726–27 (8th Cir.1989) (citing *Maleng v. Cook*, 490 U.S. 488 (1989)). Even if petitioner contends that the three year sentence for armed criminal action is related to his concurrent conviction for second-degree murder, he still was required to present Ground 4 while he was still "in custody" under the particular conviction challenged, as required under Section 2254(a). *See Maleng,* 490 U.S. at 492; *Miles v. Maschner,* 175 F.3d 1025, 1999 WL 88938 (8th Cir. Feb. 19, 1999); *Love v. Tippy,* 128 F.3d 1258, 1259 (8th Cir.1997) (per curiam).

Because petitioner was no longer "in custody" on the expired armed criminal action

conviction when he filed his petition, this Court lacks jurisdiction to review that conviction.   As a result, Ground 4 will be denied.

**NEW GROUND - ENFORCEMENT OF PLEA AGREEMENT**

On the last page of "Petitioner's Answer to the Court Order" (Doc. No. 10), petitioner candidly and commendably acknowledges that he would not "necessarily . . . have withdrawn his plea" if he had known he faced a 20 year sentence.   He advises, however, that he "still desires what he was promised: a sentence of less than 20 years."   Thus, any defects in the guilty plea proceeding itself are no longer pertinent and need not be ruled.   The ruling above does not really address how petitioner restates his claim.

Petitioner essentially asks me to rule that the prosecutor broke his agreement and the sentencing judge failed to enforce it; and he asks this court to change the sentence in accordance with the agreement.

While I will comment on whether the claim is legally and factually plausible, I do not have authority to make a ruling for or against petitioner.   The newly structured claim is not one of the points in his original filing here (Doc. No. 1) and it was not presented to or decided by the Missouri Court of Appeals (Doc. No. 7-9).

The sentencing proceeding is of special interest in several respects.   The proposed reward for adequate cooperation and testimony was stymied by what was considered by the prosecution to have been an unsatisfactory session with the special prosecutor assigned to the James Martin case (the case against the individual who shot and killed the child).   Doc. No. 7-5, p. 37.   The State sought a 20 year sentence because of petitioner's involvement in the planned violence (but not in connection with the child) and "also because he did not cooperate after agreeing to cooperate."   *Id.* at 39.   Petitioner's sentencing attorney then argued that the defendant was willing to testify and to

11

cooperate. *Id*. at 40. Counsel stated the cooperation decision was very brave and dangerous. *Id*. at 42. Counsel acknowledged that petitioner was "skittish" when dealing with the special prosecutor but said the special prosecutor was "kind of mean to him." *Id*. He asked the sentencing judge to impose a sentence of no more than 12 years and to consider the cooperation in determining the sentence. *Id*.

After hearing everything that petitioner wished to say, the sentencing judge reviewed the sentencing issues. With respect to cooperation, he said "I will take you at your word . . . in terms with Mr. O'Connor. I'm not getting into that. I'm not considering that in terms of uncooperative or not . . . there are versions of that . . . I'm not taking that into consideration." *Id*. at 45.

Petitioner complained at sentencing that he was supposed to get a ten year sentence. *Id*. at 47. At the post-conviction hearing, petitioner's attorney at the proceeding noted that the sentencing judge had ruled that he would not consider the issue of cooperation or noncooperation. Doc. No. 7-5, p. 140. Petitioner did not dispute her statement that she had advised that "I did not think we had any claims on this whole cooperation issue because Judge Wimes said at the end of your sentencing, 'I'm not taking this into consideration. I'm not even going to think about it.'" From that point on, the issue was abandoned in State Court and was first raised here in petitioner's final filing.

It is understandable that petitioner thinks he has the better argument on cooperation and entitlement to a reward for cooperation, and that sentencing counsel should have called the special prosecutor and asked the sentencing judge to decide whether a reward for cooperation should have been given. Being content with the decision neither to criticize nor condemn petitioner on that subject was a tactical decision that could be questioned, but it is too late for that and petitioner should understand general practice on this subject. That might suggest that trying the issue was

12

not likely to be helpful.

Federal practice relating to cooperation agreements consistently specifies that the prosecutor has sole discretion in appraising cooperation. I would expect that State Court judges, like Federal judges, also rely on the appraisal of prosecutors. The usefulness of cooperation is best known to them, not to judges and not to defendants. A demand for enforcement of the rewards of a cooperation has minimal likelihood of success. *See United States v. McClure*, 338 F.3d 847 (8th Cir. 2003).

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

 _/s/ Howard F. Sachs_____
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   July 7, 2015.

13